## WALLACE v. PRAIRIE OIL & GAS CO. (No. 1205.)

(Court of Civil Appeals of Texas. El Paso. March 17, 1921.)

**1. Torts   ⊙⇒28 — Cutting dam and emptying tank from which plaintiff's hogs were watered held on evidence not to make defendant liable.**

Where the jury, having found that the hogs of plaintiff, a lessee of the premises, died for want of water after defendant cut a dam and emptied a tank, further findings that the lessor reserved the right to lease portions of the land and that the death of the animals was not the direct result of draining the water from the tank warranted a judgment for defendant, amounting to a finding that plaintiff could avail himself of other waters.

**2. Torts   ⊙⇒28—Question as to which evidence was not undisputed properly submitted to jury.**

In an action for the death of hogs which plaintiff claimed resulted from lack of water when defendant entered the premises he was occupying as lessee, cut a dam and, emptied a tank of water, the submission of the issue whether the draining of the water was proximate cause of the death of the hogs was proper: the evidence not being undisputed.

**3. Appeal and error ⟶1071(1) — Error in finding as to damages immaterial where defendant was not in any event liable.**

Where the findings of the jury showed that in any event defendant was not liable, assignments of error complaining of the findings on the issue of damages will not be reviewed; errors therein being immaterial.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by J. H. Wallace against the Prairie Oil & Gas Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Templeton & Milam, of Eastland, for appellant.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellee.

HARPER, C. J. Appellant, Wallace, brought this suit against appellee, Prairie Oil & Gas Company, for damages on account of loss of certain hogs by death, and depreciation in value of others, and for cause of action alleged that he was the lessee for the year 1919, of a farm consisting of 219 acres from one Meyers, the owner thereof; that upon said tract of land was a tank of water sufficient for the number of hogs which he was maintaining thereon to fatten for the market; that defendant unlawfully and wrongfully entered upon the premises, destroyed the dam, and drained off the water, and thereby deprived him of the use of the water during the hot months of July, August, etc., thereby causing the death and injuries complained of.

Defendant pleaded general demurrer and general denial.

Tried to a jury, submitted upon special issues, and upon the verdict rendered judgment was entered for defendant, from which an appeal.

The court in the main charge submitted the following special issues, quoting the answers thereto.

"I. Did the plaintiff's hogs die for the want of water after the tank in question was cut and the water drained therefrom? Yes.

"II. If you answer the foregoing question in the affirmative, you will then find and state in your answer to this issue how 'many of said hogs died for the want of water and what was the reasonable market value of said hogs at the time of their death? Six, $52 each, $312.

"III. Did any of plaintiff's hogs that did not die depreciate in value for the want of water after the tank was cut and the water drained therefrom? Yes.

"IV. If you answer the foregoing question in the affirmative, you will then find and state in your answer to this issue the number of hogs that were so depreciated in value and the extent of such depreciation occasioned by the loss of water from said tank after it was cut? 45, at $2.50 each, $112.50."

At the request of defendant the following questions were propounded:

"In making the agreement under which plaintiff held the farm, did the owner thereof reserve the right to lease such portion thereof as he desired to third parties to erect and occupy houses thereon? Yes."

"Was the death and injury to plaintiff's hogs (provided you believe there was any such death or injury) the direct and proximate result of defendant's act in cutting the dam and draining the water from the tank west of plaintiff's house? No."

[1] The first assignment urges that the judgment for defendant is not supported by the findings of the jury, but ignores the findings.

This is untenable for the reason that, whilst in answer to questions No. I and III of the main charge the jury have found that certain of the hogs died and others were injured because of the "want of water," they have found in response to No. II, requested by defendant, that the deaths and injuries (the want of water) were not the direct and proximate result of defendant's act in cutting the dam and draining the water from the tank. The effect of the latter finding is that the plaintiff should have availed himself of other waters upon the premises, which the testimony shows he might have done had he chosen to do so. And the jury have found under the evidence that plaintiff's lessor had reserved the right to let the lands upon which the dam was located to others, and that he had so leased it to defendant, and that for that reason defendant was not liable, and, in this respect, the judgment is supported by the verdict.

[2] The second charges that it was error to submit the question of proximate cause because, he says, the undisputed evidence shows that the cutting of the dam and draining off the water was the proximate cause. We think there is evidence to support the finding so the court could not properly refuse to submit the question.

The third is that it was error to submit by special issue No. I the question of whether or not Meyers reserved the right to lease the tank to others because the undisputed evidence shows that he did not reserve this right.

To the contrary, there is affirmative evidence that the right to lease a portion of the land was expressly reserved.

[3] The fourth, fifth, and sixth assignments are that the findings of the jury with respect to the number of hogs injured and killed are not supported by any theory of the evidence. In view of the fact that we sustain the finding of the jury that the cutting of the dam and loss of the water in the tank were not the proximate cause of the deaths and injuries, these questions and answers become immaterial.

Assignments overruled, and cause affirmed.

⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes